UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHANEL, INC., a New York corporation,

                  Plaintiff,

-against-                         **ORDER**

MARIA KOUZNIAKOVA a/k/a
ALEX KOUZNIAKOVA, an individual,
d/b/a YOURSECRETSOURCE.COM and
FASHION BOUTIQUE, INC., a New York
corporation, d/b/a YOURSECRETSOURCE.COM
and DOES 1-10,

                Defendants.
-----------------------------------------------------------------X

06-CV-0068 (SLT)(KAM)

**TOWNES, United States District Judge:**

    In January 2006, plaintiff Chanel, Inc., commenced this action against defendants Maria Kouzniakova a/k/a Alex Kouzniakova and Fashion Boutique, Inc., principally alleging that defendants violated plaintiff's trademarks. Defendants failed to timely answer the complaint but, after receiving plaintiff's motion for a default judgment, defendant Fashion Boutique appeared in the action and requested an extension of time to answer. By order dated April 27, 2006, Magistrate Judge Matsumoto granted that request and permitted Fashion Boutique to answer, thereby implicitly terminating the motion for a default judgment with respect to Fashion Boutique.

    On May 4, 2006, Fashion Boutique filed its answer to the complaint. However, when directed to provide plaintiff with initial disclosures pursuant to Fed. R. Civ. P. 26(a), Fashion Boutique failed to do so. Instead, Fashion Boutique's attorney moved to withdraw as counsel, stating that he was unable to locate any "cooperative corporate officers." *See* Letter to Judge Matsumoto from Tony Mirvis, Esq., dated May 24, 2006.

Thereafter, plaintiff moved to strike Fashion Boutique's answer as a sanction for the failure to provide Rule 26(a) disclosure, and moved for monetary sanctions pursuant to Fed. R. Civ. P. 11. By order dated July 31, 2006, this Court referred the motions to Magistrate Judge Matsumoto for a report and recommendation ("R&R"). Magistrate Judge Matsumoto has since issued her R&R, recommending that this Court grant plaintiff's motion to strike Fashion Boutique's answer, but deny plaintiff's motion for Rule 11 sanctions. *See Chanel, Inc. v. Kouzniakova*, No. 06-CV-0068, slip op. at 12 (E.D.N.Y. Aug. 24, 2006).

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy of thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." *Id.* Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, a court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In this case, Fashion Boutique failed to file any objections, even though the R&R expressly advised defendant that any objections had to be filed within ten days of entry of the R&R. This Court, therefore, need not review Magistrate Judge Matsumoto's factual or legal conclusions, but will simply adopt the R&R in its entirety. Accordingly, plaintiff's motion to strike Fashion Boutique's answer is granted, but plaintiff's motion for further sanctions pursuant to Fed. R. Civ. P. 11 is denied. Plaintiff is directed to file an amended motion for default judgment within thirty (30) days of the date of this Order.

## CONCLUSION

Magistrate Judge Matsumoto's Report and Recommendation, dated August 24, 2006, is hereby adopted in its entirety. Plaintiff is directed to file an amended motion for default judgment within thirty (30) days of the date of this Order.

**SO ORDERED.**

s/SLT

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
February 28, 2007