UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHANEL, INC., a New York corporation,

                    Plaintiff,

      — against —                   **MEMORANDUM and ORDER GRANTING DEFAULT JUDGMENT**

MARIA KOUZNIAKOVA a/k/a
ALEX KOUZNIAKOVA, an individual,
d/b/a YOURSECRETSOURCE.COM and     06 CV 68 (SLT)(KAM)
FASHION BOUTIQUE, INC., a New York
corporation, d/b/a YOURSECRETSOURCE.COM
and DOES 1-10,

                  Defendants.
-------------------------------------------------------------------X

**TOWNES, United States District Judge:**

      In January 2006, Chanel, Inc. commenced suit under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, alleging trademark counterfeiting and infringement, false designation of origin, and common law misappropriation and unfair competition against defendants Maria Kouzniakova a/k/a Alex Kouzniakova, d/b/a YourSecretSource.com, Fashion Boutique, Inc., and DOES 1-10 (the "defendants"). Plaintiff manufactures and distributes high quality scarves, hats, and other goods under the federally registered trademarks CHANEL and CC MONOGRAM (the "Chanel Marks").

      Defendants failed to timely answer the complaint. After receiving plaintiff's motion for a default judgment, defendant Fashion Boutique appeared and requested an extension of time to answer. Magistrate Judge Matsumoto granted that request and permitted Fashion Boutique to answer. After Fashion Boutique answered, it failed to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a). Fashion Boutique's attorney of record moved to withdraw as counsel, stating that he was unable to locate any cooperative corporate officers.

Thereafter, plaintiff moved to strike Fashion Boutique's answer as a sanction for the failure to provide Rule 26(a) disclosures, and moved for monetary sanctions pursuant to Fed. R. Civ. P. 11. By order dated July 31, 2006, this Court referred the motions to Magistrate Judge Matsumoto for a Report and Recommendation ("R&R"). Magistrate Judge Matsumoto recommended that this Court grant plaintiff's motion to strike Fashion Boutique's answer, but deny plaintiff's motion for Rule 11 sanctions. *See Chanel, Inc. v. Kouzniakova*, No. 06-CV-0068, slip op. at 12 (E.D.N.Y. Aug. 24, 2006). With no objections filed, this Court adopted Magistrate Judge Matsumoto's R&R, dated August 24, 2006, in its entirety. The Court also directed plaintiff to file an amended motion for default judgment. Plaintiff now moves for default judgment, injunctive relief, statutory damages and an award of attorney's fees and costs. Plaintiff's motion is granted in part, and denied in part.

## BACKGROUND

Chanel is the owner of four federally registered trademarks, including the trademarks "CC Monogram" and "CHANEL," for use in connection with the manufacture and distribution of hats and scarves. In January 2004, Chanel discovered that defendants owned and operated an Internet website using the domain name "YourSecretSource.com" which sold hats and scarves bearing marks that were identical to, or substantially indistinguishable from, the registered Chanel Marks.

According to Chanel's submissions, plaintiff hired investigators who purchased defendants' products. Chanel alleges that defendants sold goods bearing exact copies of Chanel's marks, but that those goods differed substantially in quality. In support of the latter allegation, Chanel's Director of Legal Administration personally analyzed defendants' products and determined that the products were in fact counterfeit goods. Plaintiff argues that this Court

2

should award "significant statutory damages" in light of the "large quantity of counterfeit products advertised, offered for sale, and/or sold by the Defendants, the significant number of federal registrations the Defendants were counterfeiting and infringing ...." (Amended Mot., pg. 11.)

Approximately two years prior to filing this action, Chanel sent a cease and desist letter by Certified Mail and Email to the defendants on February 10, 2004. The letter advised Defendant Kouzniakova that she was engaging in illegal activity via YourSecretSource.com. Chanel received a general automated Email that thanked the addressee for his interest and stated there would be a reply sent within twenty-four hours. So far as the Court can tell, plaintiff last checked YourSecretSource.com on March 12, 2004, showing and determined that the defendants continued to offer for sale hats and scarves bearing the Chanel Marks.

## DISCUSSION

**A.     Liability**

It is well-settled that, once a default judgment is granted, a defendant is deemed to have admitted all the well-pleaded allegations in the complaint pertaining to liability but not as to damages. *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir.1993). The following findings of fact and conclusions of law are based on the complaint's allegations regarding liability and the admissible evidence regarding damages in Chanel's submissions.

The Lanham Act prohibits the unauthorized "reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion." *New York Stock Exchange, Inc. v. New York, New York Hotel LLC*, 293 F.3d 550, 554 (2d Cir. 2002) *quoting* 15 U.S.C. § 1114(1)(a).

The allegations in the complaint establish the elements of liability required to state claims of trademark infringement and false designation of origin pursuant to the Lanham Act.  Chanel alleges that it owns four federally registered trademarks and attaches copies of these registrations to its complaint. (Compl. Ex. A.)  The defendants include Ms. Kouzniakova who resides and conducts business in Brooklyn, New York using the name YourSecretSource.com as an alias. (Compl.¶¶ 2-5.)  Fashion Boutique, another defendant, also conducts business in Brooklyn, New York and engages in the sale of counterfeit products.  (Compl. ¶¶ 4-5.)  The Chanel Marks have never been assigned or licensed to any of the defendants. (Compl. ¶ 13.)  Chanel alleges that defendants are manufacturing, importing, distributing, selling and/or offering for sale counterfeit hats and scarves bearing trademarks which are exact copies of the Chanel Marks.

Due to Chanel's advertising efforts, merchandise bearing the Chanel Marks have achieved secondary meaning as an identifier of high quality products, including hats and scarves. (Hahn Decl. ¶¶ 6-7.)  Plaintiff has expended substantial time, money and other resources developing, advertising and promoting the CHANEL Marks.  (Compl. ¶ 15.)  The public readily identifies merchandise bearing the CHANEL Marks as high quality merchandise, such merchandise having acquired secondary meaning as an identifier of high quality products, including hats, scarves and other goods.  (Compl. ¶¶ 17-18.)  Consumer confusion will result from the belief that defendants' counterfeit goods are genuine goods originating from and approved by Chanel.  (Compl. ¶ 21.)

By defaulting in this case, and consequent to Chanel's well-pleaded allegations, defendants are liable for engaging in the manufacturing, advertising, and offering for sale counterfeit products, namely hats and scarves, bearing the Chanel Marks.  Chanel has made the

showing necessary to prevail on claims of trademark infringement and false designation of origin and the Court awards plaintiff default judgment.

**B.      Damages**

*Injunctive Relief*

Section 34(a) of the Lanham Act empowers district courts to grant injunctions "according to the principles of equity and upon such terms as the court may deem reasonable" in cases where a plaintiff establishes either infringement of a federally registered trademark, or a proven violation of 15 U.S.C. § 1125(a); 15 U.S.C. § 1116(a).  The moving party must establish both entitlement to such relief based upon the claims asserted in its complaint and irreparable harm. Irreparable harm in a trademark infringement case is "established where there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question."  *Lobo Enters., Inc. v.. Tunnel, Inc*., 822 F.2d 331, 333 (2d Cir.1987); *Power Test Petroleum Distributors v. Calcu Gas, Inc.*, 754 F.2d 91, 97 (2d Cir. 1985); *Brennan's, Inc. v. Brennan's Rest., LLC.,*  360 F.3d 15, 129 (2d Cir. 2004) ("proof of likelihood of confusion establishes both likelihood of success on the merits and irreparable harm.")

To support its request for a permanent injunction, Chanel argues that it is entitled to a broad permanent injunction because the risk of continuing infringement is likely due to the strong consumer demand for Chanel's products.  A current search for defendants' website, YourSecretSource.com, indicates that defendants no longer sell any products through that website.  There is no indication that YourSecretSource.com continues to operate.  Nor is there any evidence provided by plaintiff that defendants-as of the date of the complaint- continued to sell counterfeit products bearing the Chanel Marks.  Moreover, plaintiff does not explain why it

filed its complaint close to two years after learning about defendants' conduct. The record does demonstrate that defendants' sale of counterfeit Chanel products, if continued, is likely to cause confusion in the minds of consumers as to the origin of his goods. *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F.Supp.2d 284, 287 (S.D.N.Y.2003) ("counterfeits, by their very nature, cause confusion"). What Chanel does not demonstrate is that defendants continued to engage in such conduct after becoming aware of Chanel's objections to it and prior to the filing of its complaint. The Court is aware that defendants continued to sell the objectionable material for approximately six weeks after receiving plaintiff's cease and desist letter. But Chanel has not established that defendants continued to infringe plaintiff's marks after March 12, 2004, at the time that Chanel filed its complaint in January 2006, or that there remains a potential for future infringement in light of the fact that consumers can no longer purchase goods from YourSecretSource.com. "[P]ermanent injunctive relief will be granted only upon proof of the likelihood that purchasers of the product may be misled in the future." *Burndy Corp. v. Teledyne Indus., Inc*., 748 F.2d 767, 772-73 (2d Cir.1984). The Second Circuit has upheld the refusal of district courts to grant a permanent injunction where there was no likelihood of future violations. *See Starter Corp. v. Converse, Inc*., 170 F.3d 286, 298 (2d Cir.1999).

***Statutory Damages***

The Lanham Act provides that, at any time before final judgment is rendered, a trademark owner may elect to recover an award of statutory damages, rather than actual damages, for the use of a counterfeit mark in connection with goods or services. 15 U.S.C. § 1117(c). Statutory damages may be awarded in the amount of:

> (1) not less than $ 500 or more than $ 100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

> (2) if the court finds that the use of the counterfeit mark was willful, not more than $ 1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c). The Lanham Act does not provide guidelines for courts to use in determining an appropriate award but courts find guidance in an analogous provision of the Copyright Act, 17 U.S.C. § 504(c). *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004). Under the Copyright Act, courts look to factors such as: (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir.1986).

Plaintiff elects statutory damages in lieu of actual damages. Plaintiff explains that because of defendants' default, it is without direct evidence of the amount of actual damages caused by the defendants' conduct or the sales revenues and profits earned by defendants. Nonetheless, the evidence demonstrates that defendants advertised, offered for sale, and/or sold at least two types of products, hats and scarves, bearing the Chanel Marks which are protected by four federal trademark registrations owned by Chanel.

Plaintiff seeks $70,941.60, jointly and severally in statutory damages. This sum is equal to $8,867.70 per registered mark counterfeited (the four Chanel Marks) multiplied by the type of goods (hats and scarves). Plaintiff reaches this amount through an exercise involving a number of assumptions. Defendants priced the merchandise at $59.00. (Amended Mot. at Exhibit. D.) For this price, a consumer could purchase a hat and scarf set. Chanel submits that on any given

day the defendants may have earned as much as $236.00 ($59.00 x 4) in revenues through their sale of the four types of hat and scarf set bearing the Chanel marks through their website, YourSecretSource.com. The Court has difficulty with Chanel's statement, "[a]ssuming Defendants turned their inventory every week and conservatively estimating a profit of sixty percent (60%), from the day YourSecretSource.com was registered, October 18, 2002, the date the Defendants' domain name YourSecretSource.com was registered until January 6, 2006, the date the Defendants were served with the Complaint ..., Defendants may have earned at least $23,647.20 in profits...." (Amended Mot., pg. 12.) The Court understands that because of defendants' default, discovery becomes difficult. However, Chanel has not established that defendants continued to sell counterfeit products after March 12, 2004 and before the filing of plaintiff's complaint in January 2006. Furthermore, there is no reason to believe that defendants sold counterfeit Chanel goods beginning in 2002. Plaintiff's submissions establish only that defendants sold counterfeit Chanel goods in January 2004, on February 2, 2004, on February 14, 2004 and on March 12, 2004. None of the declarations provided by Chanel establish that defendants infringed Chanel's trademarks in 2002 when, according to plaintiff, defendants acquired the domain name, YourSecretSource.com. Plaintiff has failed to provide any basis for the assumptions underlying its calculation of defendant's profits. For example, Chanel's investigators do not write that they attempted to determine defendants' inventory or the actual period of time defendants infringed the Chanel Marks. The Court rejects Chanel's methodology because it is entirely too speculative.

Instead, the Court will award $16,000.00 in statutory damages by assessing a $1,000.00 fine per registered mark counterfeited by defendant for each type of merchandise marketed by

defendant. Chanel alleges infringement of four of its registered marks on two types of goods for a total of eight violations. The Court doubles the amount for the purpose of deterrence.

The Court concludes that $16,000.00 is reasonable and sufficient to compensate plaintiff and deter defendants' conduct. Many courts have issued awards well below the maximum available on the basis of per-mark-per-type-of-goods. *Gucci America, Inc. v. MyReplicaHandbag.com*, No. 07 Civ. 2438 (JGK), 2008 WL 512789, *5 (Feb. 26, 2008) (citing cases). An award of $16,000.00 is sufficient to redress the harm caused by defendants' activities and other future violations by the defendants. Moreover, the price advertised on defendant's website for the infringing goods- $59.00- was relatively modest and plaintiff established that defendants sold counterfeit goods for approximately three months, a short-period of time. Because this award is adequate and within the statutory range, it is not necessary to consider whether defendants' conduct was willful and justifies an enhanced damages award.

*Attorneys' Fees*

Plaintiff requests attorneys' fees under the Lanham Act. Section 35(a) of the Lanham Act permits the Court to award reasonable attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). Ultimately, the decision to award attorney's fees remains within the sound discretion of the district court. *Gidatex v. Campaniello Imports, Ltd.*, 82 F.Supp.2d 136, 147 (S.D.N.Y. 2000).

Plaintiff writes that its counsel spent approximately 38.29 hours of attorneys' time in this case in connection with investigative oversight, litigation and settlement discussions. (Amended Mot. at 14.) Plaintiff submits Declarations by attorneys Stephen Gaffigan and Martin Saperstein. Attorney Martin Saperstein avers that he is a practicing attorney for over thirty six years and has addressed trademark matters for over 20 years. Saperstein's hourly billing rate is $300.00,

which is either equal to or less than the prevailing rates in the Eastern District of New York. Saperstein's firm invoiced Chanel, Inc. a total of 24.00 hours and charged the company $7,200.00. Mr. Gaffigan labors at the rate of $350.00 per hour. Mr. Gaffigan avers that he billed Chanel, Inc. for 14.29 hours at a rate of $350.00 and was paid fees in the amount of $5,000.00. (Amended Mot., Gaffigan Decl. ¶ 3.) *See*, *e.g.*, *Commission Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050 (CPS), 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates and $200 to $250 for senior associates" and from $60 to $75 for paralegals).

Plaintiff does not support its fee request with contemporaneous time records nor with a description of the tasks performed in furtherance of the litigation. In the Second Circuit, a party seeking an award of attorneys' fees must support the request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983). An attorney's declaration indicating his qualifications and the total hours worked is clearly deficient. Chanel's motion for attorneys' fees be denied without prejudice for a future showing of actual attorneys fees incurred.

*Costs*

Chanel requests an award of costs. Courts generally award costs to prevailing parties in cases involving violations of the Lanham Act. 15 U.S.C. § 1117(a). Taxable costs under 28 U.S.C. § 1920 and Local Rule 54.1(c) include the $350 filing fee for a federal action. As with attorney's fees, the burden remains on the moving party to explain and justify costs. In its amended motion, plaintiffs requests costs in the mount of $365.00. Mr. Saperstein, in his

declaration writes that, "[t]o the best of his knowledge and belief, $250.00 in costs were necessarily incurred by [his] office in this matter for filing fees," $85.00 in costs were incurred for service of process for Fashion Boutique and $30.00 to serve Kouzniakova. (Amended Mot. ¶¶ 17-20.) Plaintiff fails to attach copies of receipts or other records verifying that these otherwise reasonable and appropriate costs were actually incurred. The same holds true for Chanel's request for investigative costs. Chanel's application for costs is denied without prejudice for a future showing of actual costs incurred.

## CONCLUSION

For the foregoing reasons it is ordered that:

Plaintiff's motion for a default judgment is GRANTED;

Plaintiff is awarded $16,000.00 in statutory damages;

Plaintiff's motion for a permanent injunction is DENIED;

Chanel's motion for attorneys' fees is denied without prejudice for a future showing of actual attorneys fees incurred; and

Chanel's application for costs is denied without prejudice for a future showing of actual costs incurred.

**SO ORDERED.**

Dated: Brooklyn, New York
July 10, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge